Davis, J.,
delivered the opinion of the' court:
Plaintiff, a West Point cadet, was tried by court-martial, found guilty, and sentenced “ to be dismissed the service of the United States.” The proceedings in due course reached the President, who decided as follows:
“Executive Mansion, September 26,1893.
“The record and findings of the court-martial in the case of Casper H. Conrad, jr., are approved, but the sentence and judgment thereupon is modified and commuted to suspension until the 28th of August, 1884.
“Grover Cleveland.”
Plaintiff applied for pay during this period of suspension, and the Judge-Advocate-General of the Army decided that he was entitled to this pay, but in this decision the Second Comptroller did not concur. The plaintiff was not paid; hence this action.
The only question, then, is as to the action of the President. Did he, by his order, intend to deprive plaintiff of pay, as well as to suspend him from privileges of the Academy, or did he intend to do simply what on the face of the order appears— that is, to suspend him from the service, but not to deprive him of his pay!
To support the action of the Treasury the words “ without pay” must be read into the President’s order, a course which, in this criminal proceeding, can not be done, unless a very clear case is presented that this was the President’s intention. That this was not the President’s intention; that he acted (as would naturally be assumed) with care in drafting his decision, and said exactly what he meant, is .shown by his decision in two other cases before him at the same time with the one at bar, which arose from incidents occurring at the same time.
In those cases the sentence of dismissal was “confirmed, but said sentence is commuted to suspension without pay.” Here were presented to the President four cases of cadets sentenced by court-martial to dismissal. In two cases he modified the sentence to “suspension without’ pay.” In two cases (those now at bar) he modified the sentence “to suspension,” and to suspension alone. We can not inject into this sentence the words “ without pay,” especially as it appears from a comparison of these sentences that the President in the case at bar intended to omit those words.
Judgment for plaintiff in the sum of $492.