"This case comes before the court on defendant’s motion to dismiss for lack of jurisdiction of the alleged claim. The motion was considered together with plaintiffs response thereto, without oral argument.
"In the instant case plaintiff, a former Internal Revenue Service employee, is seeking to have a form (SF 50) in his personnel file changed to reflect a voluntary resignation rather than a resignation under threat of termination. Plaintiffs sole request is to have the change made. He does not seek any monetary relief.
"Plaintiffs petition confirms that plaintiffs resignation was voluntary. Accordingly, plaintiff pleads no monetary claim against the United States and could not plead a monetary claim against the United States. Dounias v. United States, 209 Ct. Cl. 688 (1976). Accordingly, as plaintiff has no monetary claim against the United States in the facts pleaded, this court has no jurisdiction to grant the equitable relief sought and the petition must be dismissed. United States v. King, 395 U.S. 1 (1969).
"Plaintiff argues that Public Law 92-415, enacted in 1972, granted this court jurisdiction to issue orders directing the '* * * correction of applicable records, * * *.’ 28 U.S.C. §1491 (Supp. V, 1975). However, plaintiff fails to note that this jurisdiction was given only as '* * * an incident of and collateral to any such (money) judgment.’ *914 28 U.S.C. § 1491. The authority to order the correction of records thus applies only to cases already within the Court of Claims’ jurisdiction, i.e., claims for a money judgment. Public Law 92-415 did not extend the class of cases over which this court has jurisdiction. United States v. Testan, 424 U. S. 392, 404 (1976). Therefore,
"it is ordered that defendant’s motion to dismiss for lack of jurisdiction is allowed. Plaintiffs petition is dismissed.”