**Ltc. John F. MITCHELL,**
**Plaintiff–Appellee,**

**v.**

**The UNITED STATES,**
**Defendant–Appellant.**

**No. 90–1408.**

United States Court of Appeals,
Federal Circuit.

April 11, 1991.

Alan B. Sternstein, Shulman, Rogers, Gandal, Pordy & Ecker, Rockville, Md., argued, for plaintiff-appellee. With him on the brief, was John W. Toothman.

Jennifer H. Zacks, Dept. of Justice, Washington, D.C., argued, for defendant-appellant. With her on the brief, were Stuart M. Gerson, Asst. Atty. Gen., Henry E. Hudson, U.S. Atty., Barbara C. Biddle and Mary K. Doyle, attorneys, Dept. of Justice.

Before CLEVENGER and RADER, Circuit Judges, and COWEN, Senior Circuit Judge.

RADER, Circuit Judge.

The United States appeals an order of the United States District Court for the Eastern District of Virginia. Lt. Colonel John F. Mitchell (Mitchell) challenged his separation from the Air Force Reserve in district court. The Air Force moved to dismiss or, in the alternative, to transfer the action to the United States Claims Court. The district court denied the motion. This court vacates and remands the district court's April 13, 1990 order.

## BACKGROUND

Mitchell entered the Air Force on August 15, 1954. Section 8848 of Title 10, United States Code, requires transfer or discharge of certain reserve officers after 28 years of commissioned service. Pursuant to Section 8848, the Air Force discharged Mitchell on November 29, 1982.

Before his discharge, Mitchell—who claimed eighteen years on active duty—asked to remain on active duty another two years. With this extension, he could have qualified for retirement with twenty years of service under 10 U.S.C. § 8911 (1956). The Air Force denied Mitchell's request for extended service.

After his discharge, Mitchell petitioned the Air Force Board for the Correction of Military Records (Board) to correct his records to show eligibility for full retirement under 10 U.S.C. § 8911. In 1985, the Board denied this petition. On August 13, 1987, Mitchell requested the Board to reconsider its decision in light of *Ulmet v. United States*, 822 F.2d 1079 (Fed.Cir.1987)

---

1. This court expressly overruled *Ulmet I* in *Wilson v. United States*, 917 F.2d 529, 536 (Fed.Cir. 1990). *Wilson* held that "the phrase 'on active duty' in 10 U.S.C. § 1163(d) does not include active duty for training." *Id.*

2. Section 1491, the Tucker Act, confers jurisdiction on the United States Claims Court for certain claims against the United States. Mitchell apparently meant to invoke 28 U.S.C. § 1346(a)(2), the Little Tucker Act, which confers jurisdiction on district courts for claims of

---

(*Ulmet I*). In *Ulmet I*, this court determined that active duty for training as a reservist could count toward accrual of the eighteen-year sanctuary under 10 U.S.C. § 1163(d) (1988).[1] Section 1163 prohibits involuntary discharges within two years of Section 8911's twenty-year retirement threshold. After considering *Ulmet I*, the Board again denied Mitchell's request on November 13, 1988.

On March 2, 1989, Mitchell filed suit in the Claims Court. His suit sought active duty credit toward retirement, active duty back pay, reinstatement to active duty until properly retired, attorney fees, and any further just relief. The Air Force moved to dismiss because Mitchell had not filed within six years of his 1982 discharge. 28 U.S.C. § 2501 (1988). Mitchell responded with a motion for voluntary dismissal. Over the Air Force's objection, the Claims Court granted a dismissal without prejudice.

Mitchell then filed a new complaint in district court (E.D.Va.) under the Administrative Procedure Act (APA), 28 U.S.C. § 1331, and 28 U.S.C. § 1491.[2] This complaint was virtually identical to the Claims Court complaint. The only difference was that Mitchell added an allegation that the Air Force intentionally delayed the Board's rejection beyond the six-year statute of limitations. The Air Force moved to dismiss or, in the alternative, to transfer the case to the Claims Court under 28 U.S.C. § 1631 (1988). On April 13, 1990, the district court held a hearing on the motion. At the end of the hearing, the court denied the motion. The Air Force sought an interlocutory appeal under 28 U.S.C. § 1292(d)(4)(A) (1988). Proceedings below await the outcome of this appeal.

---

less than $10,000.00. If permitted, Mitchell intends to amend his complaint to correct this mistake, alternatively claiming recovery under the Little Tucker Act. Presumably Mitchell would also waive recovery of any monies in excess of $10,000.00 to fit within the Little Tucker Act. Because Mitchell has not yet waived recovery of monies in excess of $10,000.00, his complaint now invokes Claims Court jurisdiction.

## DISCUSSION

### Appellate Jurisdiction

Congress enacted 28 U.S.C. § 1292(d)(4)(A) in 1988 to facilitate expeditious review of intricate questions about Tucker Act jurisdiction. Section 1292 (d)(4)(A) provides:

The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction of an appeal from an interlocutory order of a district court ... granting or denying, in whole or in part, a motion to transfer an action to the United States Claims Court under section 1631 of this title.

Under complex jurisdictional rules, monetary claims against the United States can arise in either the Claims Court or a district court. On occasion, this overlapping authority raises thorny jurisdictional problems.

Before enactment of Section 1292(d)(4)(A), a party could not immediately appeal a district court's ruling on a jurisdictional dispute. Instead a party who believed it was in the wrong court had to wait until conclusion of its current litigation before contesting jurisdiction. Congress created a right of interlocutory appeal "[i]n the interests of resolving jurisdictional questions at the outset of litigation, and thereby avoiding wasteful and duplicative litigation on the merits in the wrong trial court...." H.R.Rep. No. 100–889, 100th Cong., 2d Sess. 52, *reprinted in* 1988 U.S. Code Cong. & Admin.News 5982, 6012. This new subsection expedites resolution of complex Tucker Act disputes. Under 28 U.S.C. § 1292(d)(4)(B), the district court shall suspend proceedings until this court's decision on the jurisdictional appeal.

### District Court Review

Mitchell challenged the Board's action in the district court under the APA. Section 702 of the APA gives individuals access to district court to challenge agency action. 5 U.S.C. § 702 (1970). Section 702, however, waives the Government's sovereign immunity only for claims seeking "relief other than money damages." *Id.* Moreover Section 704 of the APA limits Section 702's waiver of sovereign immunity to claims "for which there is no other adequate remedy in a court." 5 U.S.C. § 704 (1970).

The Supreme Court highlighted these two sections of the APA when setting the limits of district court jurisdiction over challenges to agency action. *Bowen v. Massachusetts,* 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988). In *Bowen,* the Supreme Court determined that a district court may entertain a challenge to agency action under the APA. *Id.* at 911, 108 S.Ct. at 2741. The Secretary of Health and Human Services (Secretary) had decided to deny a state reimbursement for more than $6 million in Medicaid expenses. Massachusetts filed suit in district court under 28 U.S.C. § 1331 (1988). The State's complaint sought injunctive and declaratory relief from the Secretary's decision. Massachusetts further claimed that the Government had waived its sovereign immunity under 5 U.S.C. § 702. The Supreme Court permitted this case to remain in district court only after conducting an inquiry to ensure satisfaction of both APA requirements.

First, the Supreme Court checked whether the *Bowen* case presented a claim for specific relief, rather than monetary damages. The Supreme Court opined that the State of Massachusetts, though seeking monetary relief, did not seek monetary damages. *Bowen,* 487 U.S. at 895–900, 108 S.Ct. at 2732–35. Specifically, the State sought injunctive and declaratory relief, not money damages. In response, the district court enjoined the Secretary's disallowance without ordering the payment of money. *Massachusetts v. Heckler,* 616 F.Supp. 687 (Mass.1985). The Supreme Court determined that Section 702's "other than money damages" bar was not an obstacle to district court adjudication.

Next, the Supreme Court examined whether any other court offered adequate remedies for resolution of the *Bowen* case. The Court found that the Claims Court lacked "the general equitable powers" likely to be necessary "in light of the rather complex ongoing relationship between the

parties." *Bowen,* 487 U.S. at 905, 108 S.Ct. at 2738. The Court further noted that the Claims Court has no special expertise in "complex questions of federal-state interaction." *Id.* at 908, 108 S.Ct. at 2739. Therefore, Section 704's "other adequate remedy in any court" bar was not an obstacle to district court adjudication.

■ The *Bowen* tests for an APA waiver of sovereign immunity govern this case. After applying the *Bowen* tests, this court determines that APA's Section 704 bars Mitchell's district court suit. Mitchell's case is specifically the kind of claim for which the Claims Court can provide "special and adequate review procedures." *Id.* at 900–01 n. 31; 903–05 & n. 39, 108 S.Ct. at 2735 n. 31; 2736–38 & n. 39. Regardless of whether Mitchell can characterize his claim as seeking specific relief, it is nonetheless barred from district court by APA's Section 704.

Mitchell's complaint requests back pay, reinstatement, and correction of records. By statute, the Claims Court may, in appropriate military back pay cases, "provide an entire remedy," including "restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records." 28 U.S.C. § 1491(a)(2). The Claims Court has, in fact, ordered back pay, (*Skinner v. United States,* 594 F.2d 824, 219 Ct.Cl. 322 (1979); *Sanders v. United States,* 594 F.2d 804, 219 Ct.Cl. 285 (1979); *Burd v. United States,* 19 Cl.Ct. 515 (1990); *Casey v. United States,* 8 Cl.Ct. 234 (1985)), restoration to military office, (*Skinner; Sanders; Yee v. United States,* 512 F.2d 1383, 206 Ct.Cl. 388 (1975); *Murphy v. United States,* 16 Cl.Ct. 385 (1989)), placement in correct retirement status, (*Gant v. United States,* 18 Cl.Ct. 442 (1989); *Casey*) and correction of military records, (*Skinner; Sanders; Yee; Burd; Gant; Murphy; Casey*). In sum, the Claims Court has explicit statutory authority, which it has exercised, to provide all relief Mitchell requests.

Moreover, the Claims Court has extensive experience reviewing decisions of corrections boards in military pay cases. *See, e.g., Voge v. U.S.,* 844 F.2d 776 (Fed.Cir.), *cert. denied,* 488 U.S. 941, 109 S.Ct. 365, 102 L.Ed.2d 355 (1988). The Court of Claims, predecessor to the Claims Court's trial jurisdiction, noted:

[W]e have reviewed these board actions with great frequency since 1951 when the present correction board statute became law, explicitly authorizing the payment of claims consequent upon the correction of military records.

*Sanders,* 594 F.2d at 811 (citation omitted). Indeed the experience of the Court of Claims in military pay cases extends back to the nineteenth century origins of the court. *See, e.g., Straughan v. United States,* 1 Ct.Cl. 324 (Oct. term, 1865); *Conrad v. United States,* 32 Ct.Cl. 139 (1897); *Walsh v. United States,* 43 Ct.Cl. 225 (1908).

In *Bowen,* the Supreme Court itself distinguished the Claims Court's jurisdiction over back pay cases from jurisdiction over the Medicaid disallowance case. The Court did not think it "altogether clear that the Claims Court would have jurisdiction under the Tucker Act ... to review a disallowance claim." *Bowen,* 487 U.S. at 905–06 n. 42, 108 S.Ct. at 2738 n. 42. On the other hand, the Court listed the Back Pay Act, 5 U.S.C. § 5596(b) (1976 & Supp.1990), as clearly within the purview of the Tucker Act. *Id.*[3]

■ To reinforce the sufficiency of Claims Court jurisdiction to handle pay cases, the Court stated:

[S]uits under the Tucker Act in the Claims Court offer precisely the sort of "special and adequate review procedures" that § 704 requires to direct litigation away from the district courts.

*Bowen,* 487 U.S. at 900–01 n. 31, 108 S.Ct. at 2735 n. 31. Thus, the Court first clarifies that back pay cases fall under the Tucker Act. Then the Court suggests that Tucker Act jurisdiction in the Claims Court

---

3. The Back Pay Act is not itself a jurisdictional statute. It is merely derivative in application, depending on a prior finding of appropriate

jurisdiction in the Claims Court. *United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983); *Shelleman v. United States,* 9 Cl.Ct. 452 (1986).

suffices to invoke the Section 704 limit on the APA waiver of sovereign immunity. *See also, Bowen* at 904–05 n. 39, 108 S.Ct. at 2737 n. 39. Mitchell's claims include a request for back pay, which the Supreme Court places within the Claims Court's Tucker Act jurisdiction.

Thus, whether Mitchell characterizes his complaint as a claim for "money damages" or "specific relief," his type of case has traditionally invoked Claims Court jurisdiction. Moreover the Claims Court can provide Mitchell a complete remedy. In other words, the Claims Court supplies Mitchell "adequate review procedures." *Id.* Therefore, APA Section 704 directs the district court case to the Claims Court. In Mitchell's case, there is an adequate remedy in another court.

Mitchell insists that *Ulmet v. United States*, 888 F.2d 1028 (4th Cir.1989) (*Ulmet II*) demands a different conclusion. To the contrary, *Ulmet II* did not address the applicability of Section 704 to military pay cases within Claims Court jurisdiction. Moreover, the United States Court of Appeals for the Fourth Circuit deferred to Claims Court jurisdiction over the military pay case in *Ulmet II. Id.* at 1031. *Ulmet II* arose in response to litigation initiated in this court by Lt. Colonel Donovan Ulmet. *Ulmet I.* In *Ulmet I*, this court had decided that active duty for training time could count to bring military personnel within the Section 1163(d) eighteen-year sanctuary. *Id.*[4] Lt. Colonel Ulmet then asked a district court to enforce this court's order. The district court decided that it had jurisdiction, but dismissed Ulmet's complaint on the basis of comity with the Claims Court. The Fourth Circuit affirmed.

While agreeing that the district court had jurisdiction, the Fourth Circuit did not address application of 5 U.S.C. § 704. Nonetheless the Fourth Circuit acknowledged the basic principle underlying Section 704. In affirming the dismissal of Ulmet's complaint, the Fourth Circuit noted:

> [T]he Claims Court is empowered by 28 U.S.C. 1491(a)(2) to grant full relief. Section 1491(a)(2) states that the Claims Court may "provide an entire remedy and ... complete the relief afforded by the judgment...."

*Id.* at 1031. Thus, *Ulmet II* supports this court's conclusion that the Claims Court has the power to provide Mitchell a complete remedy. Based on this principle, Section 704 of the APA operates to deprive the district court of jurisdiction.

■ Mitchell argues that the Claims Court lacks the power to grant an adequate remedy because the Air Force has challenged Mitchell's claim in that court as time-barred. In the first place, the Claims Court has yet to determine whether the statute of limitations applies to Mitchell's claim. This court will not speculate whether Mitchell is eligible for the adequate remedies available in the Claims Court. Most important, the question posed by APA Section 704 is whether the Claims Court offers adequate remedies, not whether Mitchell will be entitled to receive those remedies. The Claims Court offers a full and adequate remedy even if Mitchell does not qualify to receive that remedy. The Claims Court can provide all the relief Mitchell's complaint requests. This finding triggers operation of Section 704.

## CONCLUSION

Regardless of whether Mitchell's case is a disguised claim for money, 5 U.S.C. § 704 deprives the district court of jurisdiction. The Claims Court can provide "adequate review" sufficient to invoke Section 704's bar on operation of the APA's waiver of sovereign immunity. Therefore, this court vacates the district court's order and remands with instructions to grant the motion to transfer the case to the Claims Court.

## COSTS

Costs are awarded to defendant/appellant.

## VACATED AND REMANDED.

---

**4.** *See* footnote 1, *supra.*