**Brad SARGENT**

v.

**UNITED STATES of America, et al.**

**Civ. No. 91–1098.**

United States District Court,
E.D. Pennsylvania.

Jan. 6, 1992.

John P. Cottes, Cottes & Miller, Philadelphia, Pa., for plaintiff.

Susan Dein Bricklin, Asst. U.S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM

LOUIS H. POLLAK, Senior District Judge.

In this action, plaintiff, a former non-commissioned officer (NCO) in the United States Air Force, seeks reinstatement into active service at his former rank, as well as back pay. Defendant moved to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On August 30, 1991, I denied that motion, concluding that plaintiff had properly stated a claim for review of the decision of the Air Force Board for Correction of Military Records that denied him reinstatement and restoration of his NCO status. In so deciding, I relied on the decision of the Court of Appeals in *Neal v. Secretary of Navy,* 639 F.2d 1029 (3d Cir.1981), for the proposition that it was appropriate, pursuant to the Administrative Procedures Act, 5 U.S.C. § 702 (APA), to review decisions of the Board for abuse of discretion. Before me now is defendants' timely motion to reconsider my previous decision.

Because plaintiff's complaint includes a claim for back pay totalling less than $10,-000, defendants contend that the jurisdiction of this court is based solely on the Little Tucker Act, 28 U.S.C. § 1346(a). That act provides, in relevant part:

> The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:
>
> \*     \*     \*     \*     \*     \*
>
> (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. . . .

Concurrent jurisdiction over such claims is vested in the United States Claims Court by the Tucker Act, 28 U.S.C. § 1491(a). Under the Little Tucker Act, as under the Tucker Act, defendants argue, this court lacks the power to award back pay for any period extending beyond the expiration of plaintiff's term of enlistment, since there is no general constitutional or statutory right to re-enlist in the armed services of the United States. *See Austin v. United States,* 206 Ct.Cl. 719, 723, *cert. denied,* 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975). Because plaintiff only seeks back pay for the period following what he claims was a wrongful decision to deny him re-enlistment, a period for which relief is not available under the Little Tucker Act, defendants claim that plaintiff has failed to

state a claim for back pay on which relief can be granted. Moreover, defendants contend, because the Little Tucker Act allows a district court to enter equitable relief only in a case where the plaintiff has a right to seek money damages, plaintiff's claim for re-enlistment and restoration of NCO status must also fail. *See Harris v. United States,* 532 F.Supp. 966, 968 (D.D.C.1982).

Defendants further contend that my reliance on *Neal,* which permitted review of a military board decision under the APA, was misplaced. They argue that, because this court's jurisdiction over plaintiff's claim is based at least in part on the Little Tucker Act, this court is in effect sitting as a surrogate Claims Court, with the result that appellate review of any adjudication here of plaintiff's claim would be exercised exclusively by the Court of Appeals for the Federal Circuit. *See Banks v. Garrett,* 901 F.2d 1084 (Fed.Cir.1990). That court has held that review of military board decisions is unavailable under the APA. In *Mitchell v. United States,* 930 F.2d 893 (Fed.Cir. 1991), the court noted that section 704 of the APA limits the APA's waiver of sovereign immunity to claims "for which there is no other adequate remedy in a court." 5 U.S.C. § 704; *Mitchell,* 930 F.2d at 895. Because the Tucker Act, 28 U.S.C. § 1491(a)(2), allows the Claims Court, in appropriate cases, to go beyond mere monetary relief and provide an entire remedy, including correction of military records, the *Mitchell* court concluded that a complaint that sought back pay and review of a military board decision was not one for which the APA provided the sole adequate remedy. *See Mitchell,* 930 F.2d at 895–97.

Defendants' argument, if accepted, would place plaintiff in an untenable position. Plaintiff would not be able to seek review under the APA of the Board decision denying him re-enlistment because his complaint included a claim for back pay and thus invoked jurisdiction under the Little Tucker Act. *See id.* Plaintiff would not be entitled to back pay under the Little Tucker Act because he could not establish a right to such relief extending beyond the expiration of his enlistment. *See Austin,* 206 Ct.Cl. at 724. And finally, because the Claims Court would be unable to award plaintiff back pay, it would be without the power to provide any additional relief, since the Tucker Act allows the Claims Court to take additional remedial action, such as correction of military records, only "as an incident of and collateral to" monetary relief. 28 U.S.C. § 1491(a)(2); *see also Austin,* 206 Ct.Cl. at 722–23. Thus, the decision of the Board to deny plaintiff re-enlistment would, in effect, be unreviewable.

I decline to read *Mitchell* so broadly. In *Mitchell,* the plaintiff was a reserve officer in the Air Force who had been discharged pursuant to Air Force Regulations. In addition to back pay, he sought active duty credit toward retirement and reinstatement to active duty. Because Mitchell was an officer seeking review of a discharge rather than an NCO seeking review of a decision to deny re-enlistment, there was no question that the Claims Court would have the power to award back pay, together with the additional relief that Mitchell sought. Under such circumstances, the court concluded,

> the Claims Court can provide Mitchell a complete remedy. In other words, the Claims Court supplies Mitchell "adequate review procedures." Therefore, APA Section 704 directs the district court case to the Claims Court. In Mitchell's case, there is an adequate remedy in another court.

*Mitchell,* 930 F.2d at 897.

In the present case, in contrast, it is clear that, because plaintiff cannot establish a statutory right to re-enlistment, he lacks the right to seek back pay, and because he has no such right, this court lacks the authority under the Little Tucker Act to fashion any additional relief. *See Austin,* 206 Ct.Cl. at 722–23. Under these circumstances, it can hardly be said that an action under the Little Tucker Act provides plaintiff with "adequate review procedures" sufficient to preclude review under the APA.

Defendants have convinced me that, as currently formulated, plaintiff's complaint

298

fails to state a claim on which relief can be granted. The complaint cannot invoke this court's jurisdiction under the APA because it includes a claim for monetary damages, a form of relief that is not available under the APA. The complaint implicitly invokes jurisdiction under the Little Tucker Act through its claim for back pay in an amount less than $10,000, but, because plaintiff cannot establish a constitutional or statutory right to that pay, plaintiff is not entitled to relief under the Little Tucker Act. Plaintiff's complaint therefore must be dismissed. Because I am unconvinced, however, that plaintiff has no right to review of the decision of the Board denying him re-enlistment, I will grant plaintiff leave to file an amended complaint that drops the claim for damages and confines itself to seeking review of the Board's order pursuant to the APA. If plaintiff desires to file such an amended complaint, he shall do so within twenty days of the date of the order accompanying this memorandum.