**Paul E. CRANE, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 97–457 C.

United States Court of Federal Claims.

July 10, 1998.

D. Patrick Gallagher, Buffalo, New York, for plaintiff.

Lee M. Straus, U.S. Department of Justice, Washington, DC, with whom were Assistant Attorney General Frank W. Hunger, Director David M. Cohen and Assistant Director James M. Kinsella, for defendant. Lieutenant Colonel Terry L. Elling and Major David L. Parker, of counsel.

## ORDER

MOODY R. TIDWELL, III, Senior Judge.

This case is before the court on defendant's motion for judgment upon the administrative record and plaintiff's motion for a change of venue because of a lack of subject matter jurisdiction or, in the alternative, for judgment upon the administrative record.[1] For the reasons set forth below, the court transfers this case back to the United States District Court for the Western District of New York. Because we lack the subject matter jurisdiction to hear this case, we need not address the motions for judgment upon the administrative record.

## BACKGROUND [2]

From May 1980 to October 1995, plaintiff served as an officer in the United States Army. For these fifteen years plaintiff served honorably with no blemishes on his record, except one: plaintiff has had a difficult time meeting the Army's weight requirements. In March 1991, and again in January 1993, plaintiff received Officer Effectiveness Reports in which his senior officers noted this deficiency. Then, in February or March of 1994, plaintiff was notified that he was being processed for an involuntary discharge be-

cause of these two adverse fitness reports. On September 26, 1994, a Board of Inquiry held an evidentiary hearing on the matter and eventually ruled that plaintiff should be separated from the Army. This ruling was approved by a board of review and was eventually accepted by the Secretary of the Army. Plaintiff contends that the finding was unlawful under the Administrative Procedure Act, 5 U.S.C. § 706(2), and that his Fifth Amendment due process rights have been violated.

Plaintiff originally filed his complaint in the United States District Court for the Western District of New York. The district court, however, opined that because it lacked the statutory authority to award the plaintiff money damages in excess of $10,000, it would be unable to grant plaintiff an appropriate remedy. The court then concluded that jurisdiction was proper in the Court of Federal Claims and transferred the case to this court on April 28, 1997.

## DISCUSSION

■ This court has jurisdiction over claims against the United States founded on a statute mandating compensation by the government. 28 U.S.C. § 1491. While the court's jurisdiction over military pay claims was originally limited strictly to the entry of monetary judgments against the United States, this is no longer the case. By enacting the Remand Act of 1972, Congress granted this court specific remedial powers to enable the court to grant injunctive relief as long as such relief is "incident of and collateral to" the monetary judgment. 28 U.S.C. § 1491(a)(2). If, however, a request for injunctive relief is not tied to a monetary claim, this court lacks jurisdiction to hear it. *See Silbert v. United States*, 215 Ct.Cl. 913, 566 F.2d 1190 (1977). Thus, the Court of Appeals for the Federal Circuit has held that this court may not review the substantive merits of military decisions reflected in a

---

1. Because plaintiff raises questions about this court's power to hear the case before us, this motion is more properly framed as a motion to dismiss of lack of subject matter jurisdiction.

2. For purposes of this order, the court relies on the uncontested factual allegations presented in plaintiff's complaint and defendant's motion for judgment on the administrative record. The court's recitation of these allegations do not amount to findings of fact.

service member's record when those determinations do not relate to a monetary claim. *See Voge v. United States,* 844 F.2d 776, 781 (Fed.Cir.1988).

■ In his cross-motion for a change of venue, plaintiff specifically asserts that he seeks no monetary damages from the United States—instead, he asks only that the decision of the Secretary of the Army be set aside and that he be reinstated. Because the relief requested in his complaint is not monetary in nature, plaintiff argues that this court lacks jurisdiction to hear his claim. Assuming, *arguendo,* that plaintiff's characterization of his complaint is accurate, he is correct. It is well established that the Tucker Act—which establishes the jurisdictional boundaries of this court—"is not implicated when plaintiff seeks only declaratory and injunctive relief." *ben–Shalom v. Secretary of Army,* 807 F.2d 982, 986 (Fed.Cir.1986). Moreover, where a plaintiff seeks specific relief under the Administrative Procedure Act, rather than monetary relief, jurisdiction is proper in a district court, rather than in this court. *See, e.g., Mitchell v. United States,* 930 F.2d 893, 895 (Fed.Cir.1991) (citing *Bowen v. Massachusetts,* 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988)).

■ In order to determine whether this court has subject matter jurisdiction over plaintiff's claim—and thus the power to hear this case—the court must first determine the exact nature of the claim. Although the court must generally assume the truth of unchallenged facts when deciding its jurisdiction, the court is not required to accept plaintiff's framing of the complaint. *See Lewis v. United States,* 32 Fed.Cl. 301, 304 (1994), *aff'd,* 70 F.3d 597 (Fed.Cir.1995). Rather, the court should look to plaintiff's factual allegations to ascertain the true nature of his claims. *Id.*

■ Plaintiff argues that the absence of a request for money in his complaint precludes his claim from being characterized as one for monetary relief. Defendant contends that plaintiff has in actuality made a monetary claim cloaked as an action for declaratory judgment in order to avoid scrutiny under the watchful eyes of this court. In support of this proposition, defendant urges us, in part, to look to the section of plaintiff's complaint in which plaintiff requests both reinstatement and "such other and further relief this Court deems just and proper." This phrase, defendant contends, belies the true nature of plaintiff's intentions—to first seek reinstatement in the district court and then return here to pursue a claim for full back pay. This court, however, has refused to hang so much significance on a standard procedural phrase. In *Vietnam Veterans of America v. Secretary of the Navy,* 843 F.2d 528 (D.C.Cir.1988), the court rejected the argument that plaintiff's request for relief deemed just and proper implied a request for monetary relief, noting that the phrase "was mere surplusage in light of the district court's duty under Fed.R.Civ.P. 54(c) to include the relief to which plaintiff was entitled even if the party did not demand relief." *Id.* at 534; *See also Sharp v. Weinberger,* 798 F.2d 1521, 1524 (D.C.Cir.1986) (holding that the Rule 54(c) obligations should have no bearing when determining jurisdiction). Accordingly, we will not read into plaintiff's prayer for relief that which may not be there.

Defendant also urges us to be wary of "artful pleading" and provides us with various cases in which courts have refused to accept a plaintiff's characterization of the complaint. As an example, defendant cites *Williams v. Secretary of the Navy,* 787 F.2d 552 (Fed.Cir.1986), in which the plaintiff sought to avoid Tucker Act jurisdiction by framing his complaint as one for equitable relief. The court frowned upon the plaintiffs attempts to mask the true nature of his claim and re-characterized his pleadings to reflect a suit for money damages. *Id.* at 557–558. The facts in *Williams,* however, bear little resemblance to the facts in the case at bar. In his complaint, Williams specifically sought—among other things—"payment of all forfeitures, lost duty pay, and back pay...." *Id.* at 556. The issue before the court here is whether plaintiff implicitly seeks money damages. It would be improvident to analogize the case at bar to one in which the request for money damages is explicit and uncontested. The analysis in *Williams,* therefore, does not apply here. The court finds that plaintiff's complaint is

not artfully drafted in order to avoid this court's jurisdiction.

The court must next decide whether to extrapolate from the pleadings an intent that is not stated therein, or whether to focus instead on that which is explicitly stated. Several courts have addressed this very question in the past. In *Sharp*, for example, the court rejected the contention that a district court's decision that a plaintiff would be entitled to money damages automatically implicated the Tucker Act. *Sharp*, 798 F.2d at 1524–1525. In *Vietnam Veterans* the court echoed this conclusion and added that it was "equally clear that a claim is not for money merely because its success may lead to pecuniary costs for the government or benefits for the plaintiff." *Vietnam Veterans*, 843 F.2d at 534. Finally, in *Wolfe v. Marsh*, 846 F.2d 782, 783 (D.C.Cir.1988), the court held that the mere fact that money could be a consequence of a favorable decision did not have a bearing on the jurisdictional inquiry. *Wolfe* is particularly applicable because there, as in the case at bar, the "spectre of money damages was raised for the first time by the *government* [,]" not by the plaintiff. *Id.* (emphasis in original). Just as we need not accept plaintiff's framing of his own complaint, we need not accept the manner in which defendant frames it either.

By asking the court to infer that plaintiff will eventually seek money damages, defendant is asking the court to embark on a perilous journey. It is beyond contention that this court would lack the jurisdiction to hear this case if money damages were not the central issue in plaintiff's claim. 28 U.S.C. § 1491(a)(2); *Voge*, 844 F.2d at 781. If this court were to proceed to hear plaintiff's case and monetary damages were never sought, much time and effort would have been spend to address questions whose answers this court has no statutory power to provide. The interests of justice and judicial economy would not be served by founding our jurisdiction on what is, in reality, little more than a guess about what plaintiff may or may not eventually do. A better course would certainly be to have the case heard in the district court, which has jurisdiction to hear plaintiff's claims as they are now set forth in the pleadings.

Once a court determines that jurisdiction is wanting, transfer is appropriate under 28 U.S.C. § 1631 (1994) when the transfer is in the interest of justice and the transferee court is one where the suit could have been brought at the time the suit was filed. *See Tennessee Valley Authority v. United States*, 13 Cl.Ct. 692, 696 (1987). Plaintiff's request is in the interest of justice and the district court's jurisdiction is proper. *See Mitchell*, 930 F.2d at 895–896. The Clerk shall transfer plaintiff's request for reinstatement back to the District Court for the Western District of New York.

**IT IS SO ORDERED.**