**Gary L. AARON, et al., Daryl A. Aaberg, et al., Charles Carlsen, et al., Jose L. Acebal, et al., Patrick J. Ahearn, et al., Buddy Adelsberger, et al., Angie Cruz Aldridge, et al., Michael Atty, et al., Leroy Bishop, et al., Dennis Avripas, et al., Robert R. Bammann, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 00–315C, 00–454C, 00–617C, 01–47C, 01–313C, 01–314C, 01–480C, 02–35C, 03–446C, 03–2363C, 04–1134C.**

United States Court of Federal Claims.

Sept. 7, 2004.

---

Alan Banov, Alan Banov & Associates, Washington, DC, for plaintiff. With him on the briefs was Norberto Salinas.

Domineque Kirchner, U.S. Department of Justice, Commercial Litigation Branch, Civil Division, for defendant. With her on the briefs was Nicole Hogan.

*OPINION*

BRUGGINK, Judge.

This group of related cases involves actions for overtime pay brought by several hundred employees of the Bureau of Prisons ("BOP") under the overtime provisions of the Federal Equal Pay Act, 5 U.S.C. §§ 5542, 5544, 5546 (2000), and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201–216 (2000). Pending is plaintiffs' July 8, 2004 Motion to Sanction Defendant for Requiring Plaintiffs it Deposes to Use Annual Leave to Attend Defendant's Depositions. Plaintiffs move that sanctions be imposed on defendant pursuant to RCFC 30(d)(3) for requiring plaintiffs to take annual leave or use compensatory time to attend depositions noticed by defendant. Plaintiffs argue that one provision of the Civil Service Reform Act of 1978, 5 U.S.C. § 6322(a) (2004) (hereafter "Section 6322"), requires the government to provide court leave to employees under these circumstances. Plaintiffs seek a preliminary injunction preventing defendant from requiring plaintiffs in future depositions to use annual leave while testifying and ordering defendant to restore the annual leave or compensatory time already used. For reasons set out below we accept the substantive premise behind the motion, but deny relief.

## BACKGROUND

Defendant has initiated depositions of plaintiffs employed at various Bureau of Prisons ("BOP") institutions. Plaintiffs allege that defendant noticed all its depositions without verifying with plaintiffs' counsel the convenience of the specific dates and times as well as the availability of plaintiff-employees. All of defendant's depositions have been scheduled during normal working hours, between 8:00 a.m. and 5:30 p.m. Plaintiffs allege that defendant has not attempted to accommodate plaintiff-employees by scheduling depositions around their work schedules. This is a concern for plaintiffs because the BOP contemporaneously notified plaintiffs via memorandum dated January 12, 2004 that they are on "non-duty status" while they are participating in defendant's depositions and, therefore, are instructed to take annual leave, compensatory time, or leave without pay in order to attend.

On February 25, 2004, plaintiffs notified defendant in writing of their objections to this leave policy. In response, defendant, by letter to plaintiffs' counsel dated March 3, 2004, reiterated the BOP position that plaintiffs are not entitled to paid leave when they are being deposed by the government. On March 10, 2004, and again on May 14, 2004, defendant notified plaintiff-employees at two other facilities of the policy. On July 8, 2004, plaintiffs filed this motion for sanctions pursuant to RCFC 30(d)(3). Plaintiffs have not previously sought to quash notices of depositions. Defendant takes the position that both the subject matter of the pending motion—the agency's internal leave practice—and the request for injunctive relief are beyond the reach of the court.

## DISCUSSION

■ Before the court are two issues. The first is whether the BOP may order plaintiffs to use their annual leave, compensatory time, or leave without pay in order to appear at depositions noticed by defendant. The second issue is whether sanctions or injunctive relief are available as remedies if the court finds the government is not acting in compliance with the statute.

In arguing that the BOP practice is improper, plaintiffs rely on the provisions of Section 6322(a):

(a) An employee ... is entitled to leave, without loss of, or reduction in pay, leave to which he is otherwise entitled, credit for time or service, or performance of efficiency rating, during a period of absence with respect to which he is summoned, in connection with a judicial proceeding, to serve—

. . . .

(2) ... as a witness on behalf of any party in connection with any judicial proceeding to which the United States ... is a party ....

Plainly the depositions are connected to a judicial proceeding to which the United States is a party. The question posed is whether plaintiff-employees have been "summoned ... as ... witness[es]" within the meaning of the statute when they are merely deposed.

Plaintiffs look for guidance to the Office of Personnel Management ("OPM"), the agency authorized to prescribe regulations for administration of the statute. Although OPM has not issued any regulations under the statute, on August 4, 1980, it issued Federal Personnel Bulletin No. 630–38 ("F.B.630–38")[1] in response to inquiries from several agencies. F.B. 630–38 has since been revoked. The policy stated that "[a]n employee is entitled to paid time off without charge to leave for service as a juror or witness." Court Leave, *available at http://www.opm.gov/oca/leave/HTML/courtlv.HTM*. It went on to state that:

[W]hen an employee-plaintiff has been deposed ... although he or she may not have received an actual summons ... in a case in which a party to the proceedings is the United States ... the employee-plaintiff is a "witness" within the meaning of the statute and is entitled to court leave for the

---

1. Federal Personnel Bulletins were revoked on December 31, 1994. *See* 60 Fed.Reg. 3055 (Jan. 13, 1995).

time involved in giving a deposition or witnessing. F.B. 630–38. The Bulletin distinguished time spent in depositions or serving as a witness in a trial from other activities not qualifying for leave with pay, such as "time the employee-plaintiff spends in preparation for the trial, ... answering the government's interrogatories ... [or] observing the conduct of the trial." F.B. 630–38.

Plaintiffs also rely on *Coles v. Martin*, 1978 WL 13969, 1978 U.S. Dist LEXIS 14087, *18–19 (D.D.C.1978), in which the district court was asked to apply Section 6322. That case involved an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.* The precise question at issue here was not addressed in that case, but the *Coles* court acknowledged the position of OPM's predecessor, the Civil Service Commission, that an employee-plaintiff who is deposed by the government or summoned to testify is a "witness" within the meaning of the statute. *Id.* The court distinguished an adverse deposition from the situation in which an employee-plaintiff is not summoned but is testifying on his own behalf. Only in the latter situation is the plaintiff required to use annual leave or leave without pay. *Id.*

In addition, plaintiffs cite *Davis v. Bolger*, 496 F.Supp. 559, 565–66 (D.D.C.1980), also an action brought under Title VII against the United States, in which the court held that employee-plaintiffs and their witnesses were not required to take annual leave or leave without pay in order to appear as witnesses on behalf of a private party. 496 F.Supp. at 565–66. The *Davis* court interpreted Section 6322 as entitling all government employees summoned in a Title VII proceeding to be on paid status whether they are testifying for the government or the government's opponent. *Id.* The court noted, however, that failure to require the government to pay plaintiffs' witnesses in a Title VII proceeding would raise "constitutional problems, ... offend basic notions of fair play, equal protection, and even-handedness of the judicial process." *Id.*

In response, defendant relies on several opinions of the Comptroller General. They are not directly on point, however. In *Wil-*

*ma Pasake*, 59 Comp. Gen. 290, 1980 WL 17976, the plaintiff-employee was denied leave under Section 6322, but she was seeking leave merely to attend her own proceeding. She had not been summoned as a witness. To like effect is *James L. Sweeney*, B–201,602, 1981 WL 24203 (Comp.Gen. Apr.1, 1981). Similarly, the Comptroller General has advised that a parent summoned to juvenile court, an employee who chooses to attend oral arguments in her own case, and defendants in traffic court are not entitled to court leave. *See Court Leave*, B–214,719, 1984 WL 46229 (Comp.Gen. June 25, 1984); *Ismene Kalaris*, B–212,031, 1983 WL 27425 (Comp.Gen. Sept.27, 1983); *Entitlement of Employee–Defendant to Court Leave*, 62 Comp. Gen. 87, 1982 WL 26713. These were situations, however, either not involving the federal government as a party, or involving persons voluntarily attending their own trials or hearings. They are thus unlike the present case, in which plaintiff-employees have been noticed for depositions by the government. Even though no subpoenas have been employed, plaintiffs attendance at their depositions was clearly not voluntary.

We conclude that when plaintiff-employees are deposed by the United States, they are acting as witnesses within the meaning of section 6322. A party to a suit must make itself available for depositions and can even be compelled to attend. *See* RCFC 30(a)(1); RCFC 45(e). Being noticed for depositions by the government, therefore, is equivalent to being summoned for purposes of Section 6322. It follows, therefore, that it would be a violation of the statute for the government to require that plaintiff-employees take annual leave, compensatory time, or leave without pay in order to facilitate the government's depositions.

It does not necessarily follow, however, that plaintiffs are entitled to the relief they seek. Plaintiffs' request is for the court to impose sanctions under RCFC 30(d)(3) and to issue an injunction pursuant to 28 U.S.C. § 1491 requiring defendant to restore previously-used leave. Defendant takes the position that it would be improper for the court to restore prior leave, or to enjoin the agen-

cy's future conduct. We agree with defendant, although, as explained below, that is largely a function of the form in which plaintiffs have made their motion.

 Plaintiffs' request for sanctions cites RCFC 30(d)(3), which provides that "[if] the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof." Plaintiffs' reliance on this rule is, we believe, misplaced. Plaintiffs have not complained about the government's conduct during the prior depositions. Their real complaint goes either to scheduling of the depositions, or to agency personnel policy. We note that at no time have plaintiffs filed either a motion for a protective order under RCFC 26(c) or a motion to quash under RCFC 45(c)(1) or RCFC 45(c)(3)(A)(iv), alleging that a particular scheduled deposition would impose undue burden or expense upon a particular plaintiff-employee. If confronted with such a motion, the court would have been willing to address the legal issue of whether the agency could force the plaintiffs to take leave. The court would have the authority to put the defendant to a choice—either reschedule the deposition during non-work hours, or change policy. In the absence of a motion, however, there is no context for a ruling as to sanctions.

 Nor are plaintiffs entitled to injunctive relief under 28 U.S.C. § 1491. This court lacks general equity jurisdiction to grant injunctive relief. *See Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed.Cir.1998). While the Tucker Act permits equitable relief ancillary and collateral to the court's jurisdiction, *see Bobula v. United States Dep't of Justice*, 970 F.2d 854, 859 (Fed.Cir.1992); *see also Crane v. United States*, 41 Fed.Cl. 338, 339 (1998), there is an appropriate non-injunctive remedy available here, as explained in the preceding paragraph. The court need not rely upon its injunctive powers in order to vindicate the plaintiff-employees rights under 5 U.S.C. § 6322. Rather, the court looks to its inherent authority to issue protective orders under RCFC 26(c)(2) in order to supervise the terms of discovery, including time and place, and its authority under RCFC 45(c)(1) and RCFC 45(c)(3)(A)(iv) to prevent the imposition of undue burden or expense. If a deposition is noticed for work hours, and if the agency maintains its current policy of not granting court leave, we would entertain a motion to quash on the grounds that this would constitute an undue burden. Moreover, if the government persists in its current position, plaintiffs may be able to pursue an independent cause of action for monetary damages. *See John Doe v. United States*, 47 Fed.Cl. 594, 595 n. 3 (2000), *rev'd on other grounds*, 372 F.3d 1347 (Fed.Cir.2004) (recognizing potential monetary value of compensatory time).

Accordingly, plaintiffs' July 8, 2004 motion for sanctions is denied.