**James E. HUFF, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF the ARMY, Defendant.**

**Civil No. L–05–805.**

United States District Court, D. Maryland.

Sept. 13, 2007.

---

James E. Huff, Baltimore, MD, pro se.

Allen F. Loucks, Office of the United States Attorney, Baltimore, MD, for Defendant.

## MEMORANDUM

LEGG, Chief Judge.

Pro se Plaintiff James E. Huff ("Huff" or "Plaintiff") initiated this action in April 2005 against the United States Department of the Army ("the Army"), requesting back pay, disability and hospital benefits, and correction of his military records. Now before the Court is the Army's Motion to Dismiss. Because the briefs adequately present the issues, no hearing is necessary. See Local Rule 105.6 (D.Md. 2004). For the reasons stated herein, the Army's motion is GRANTED pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

## I. Facts

Huff's filings are difficult to understand. It appears that he entered into a three-year enlistment contract with the Army in 1970, but was discharged later that year, apparently for medical reasons. (Am. Compl.¶ 3–5).[1] In September 1993, Huff sued the Army in the United States District Court for the Western District of Missouri, alleging that he was wrongfully discharged and seeking correction of his military records.[2] His complaint averred that he had presented his claims to the Army Board for Correction of Military Records in August 1993, but he was denied relief "for lack of evidence[.]"[3] Ultimate-ly, the District Court dismissed Huff's complaint without prejudice for failure to tender the required filing fee.[4]

Almost 12 years later, Huff filed the present action on April 21, 2005. As he did in 1993, he alleges that he was wrongfully discharged, that he was denied compensation and benefits for a service connected disability, and that his military records are inaccurate. (Am.Compl.¶ 1). He also adds two new claims: first, he alleges that, upon his discharge in 1970, he was told by the Army that he would have to wait 20 years to file for compensation. (Compl., ¶ 3). Second, he asserts that he was provided certain hospital benefits following his discharge, which were wrongfully taken away when he filed for compensation in 1999. (*Id.*) In light of these allegations, Huff states that he is bringing causes of action for wrongful discharge, reinstatement of military benefits, and fraud. (Am.Compl.¶ 1.)

The Army has moved to dismiss Huff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). After the Army filed its motion, Huff filed a "Motion to Proceed Pro Se," which the Court will construe as a response. The Army has filed a reply.[5] According to the Army, Plaintiff's complaint fails to establish a valid jurisdictional basis or waiver of sovereign immunity. The Army further alleges that Huff's claims are barred by the statute of limitations.

## II. Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(1), "the plaintiff has the burden of

---

**1.** The Court will construe Plaintiff's "Motion to Respond" as an amended complaint.

**2.** *See* 4:93–cv–00876–DW (W.D.Mo. Sept. 21, 1993).

**3.** *Id.*

**4.** *See id.* (W.D.Mo. Dec. 14, 2003).

**5.** After the Army filed its reply, Huff filed a "motion to reinstate," in which he asks to be reinstated into the Army. Although the Court will consider this filing to the extent that it helps clarify Huff's factual contentions, it will DENY the motion.

proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir.1999). In reviewing a motion to dismiss in which the defendant challenges the veracity of the plaintiff's jurisdictional allegations, the Court may look beyond the complaint and determine if there are facts to support those allegations. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). The trial court may consider "evidence by affidavit, depositions or live testimony without converting the process into one for summary judgment." *Id.,see also Star Scientific Inc. v. R.J. Reynolds Tobacco Co.*, 174 F.Supp.2d 388, 392 (D.Md.2001). "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir.1977); *see also Adams*, 697 F.2d at 1219 ("The court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction.").

## III. Discussion

The Army contends that Huff has failed to establish a valid jurisdictional basis for his claims or an unequivocal waiver of sovereign immunity. Federal courts are of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction. *See Pinkley v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir.1999) (*citing Lehigh Mining & Manufacturing Co. v. Kelly*, 160 U.S. 327, 327, 16 S.Ct. 307, 40 L.Ed. 444 (1895). Accordingly, the facts establishing jurisdiction must be affirmatively alleged in the plaintiff's complaint. *Pinkley*, 191 F.3d at 399 (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that pleadings setting forth a claim for relief provide "a short plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds to support it." *Pinkley*, 191 F.3d at 399; *Fed.R.Civ.P. 8(a)(1)*.

As Huff is attempting to sue the United States, he must also allege an unequivocal waiver of sovereign immunity. *See United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (*quoting United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). Such waivers may not be implied, and must be "strictly construed in favor of the sovereign." *See McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 96 L.Ed. 26 (1951).

Consistent with the lower standard of pleading generally afforded to pro se litigants, *see Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), the Court construes Huff's complaint as making the following jurisdictional arguments: first, to the extent he seeks back pay, reinstatement, and correction of his military records, the Court will presume that Huff alleges a contractual claim pursuant to the Tucker Act, *28 U.S.C. § 1346, 1491*, which provides the exclusive basis of jurisdiction over non-tort monetary claims against the United States. *See Mitchell v. United States*, 930 F.2d 893, 895 (Fed.Cir. 1991). Second, to the extent Huff seeks judicial review of his discharge, the Court interprets his complaint as alleging jurisdiction under *28 U.S.C. § 1331* and the Administrative Procedure Act, *5 U.S.C. § 551*, et seq. Finally, insofar as Huff alleges fraud or misrepresentation—either in the alteration of his military records or in the statement that he would have to wait 20 years to file for compensation—the Court presumes that he is seeking to proceed under the Federal Tort Claims Act (FTCA), *28 U.S.C. § 2671* et seq., which constitutes a limited waiver of sovereign

immunity in tort claims against the United States.

## A. *Huff's Claims Under the Tucker Act:*

■ As stated above, the Tucker Act provides the exclusive basis of jurisdiction over non-tort monetary claims against the United States. *See Mitchell,* 930 F.2d at 895. Pursuant to the so-called "Little Tucker Act," *28 U.S.C. § 1346(a)(2),* the district courts share original jurisdiction with the United States Court of Federal Claims over actions where the amount in controversy does not exceed $10,000. In actions exceeding this amount, the Court of Federal Claims has exclusive jurisdiction. *See Randall v. United States,* 95 F.3d 339, 347. When a claim exceeding $10,000 is filed in district court, the court has authority to transfer the action to the Court of Federal Claims pursuant to *28 U.S.C. § 1631.* All claims under the Tucker Act are subject to a six-year statute of limitations, *see 28 U.S.C. § 2501.* This statute "is jurisdictional in nature and, as an express limitation on [the Tucker Act's] waiver of sovereign immunity, cannot be waived." *Hart v. United States,* 910 F.2d 815, 818–19 (Fed.Cir.1990).[6]

■ Huff does not clearly state the amount he is seeking. His complaint is most logically interpreted, however, as requesting compensation for the remainder of his three-year enlistment contract, plus benefits for a service connected disability beginning on his date of discharge in July 1970. (Compl., ¶¶ 1–4). Even according to a conservative calculation, compensation for three years of salary plus 25 years of disability retirement benefits would clearly exceed $10,000.[7] As Huff has not limited his damages, his claim falls squarely within the exclusive original jurisdiction of the Court of Federal Claims.

■■ Although the Court is authorized to transfer this action to the Court of Federal Claims pursuant to *28 U.S.C. § 1631,* it declines to do so here, as Huff's claims are barred by the Tucker Act's statute of limitations. As a general matter, "[a] cause of action cognizable in a Tucker Act suit accrues as soon as … all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money." *See Catawba Indian Tribe of S.C. v. United States,* 982 F.2d 1564, 1570 (Fed.Cir.1993). Insofar as Huff's complaint asserts a claim for back pay, it is well established that such a cause of action accrues at the time of the plaintiff's discharge. *See Martinez v. United States,* 333 F.3d 1295, 1303 (Fed.Cir.2003); *Bowen v. United States,* 292 F.3d 1383, 1386 (Fed. Cir.2002). Accordingly, Huff's claim for back pay accrued immediately upon his discharge in mid–1970. Because Huff did not file suit within the six-year period prescribed in *28 U.S.C. § 2501,* he therefore lost "all rights to sue for the loss of pay stemming from the challenged discharge." *See Martinez,* 333 F.3d at 1304. Huff's claim for back pay has been asserted outside the limitations period, and must be dismissed for lack of jurisdiction.

---

**6.** Pursuant to the Federal Courts Improvement Act, *28 U.S.C. § 1295,* et seq., the United States Court of Appeals for the Federal Circuit has appellate jurisdiction in all cases arising under the "Big" and "Little" Tucker Acts. *28 U.S.C. 1295(a)(1)-(2).* Accordingly, its rulings in Tucker Act cases should be followed by this Court. *See, e.g., Atari, Inc. v. JS & A Group, Inc.,* 747 F.2d 1422 (Fed.Cir.1984)(Acknowledging the Court's "mandate" to provide guidance to district courts in cases involving the Little Tucker Act).

**7.** Disability benefits are calculated pursuant to the guidelines set forth in *10 U.S.C. § 1401.* Such payments are capped at 75% of the retired pay base on which the calculation is based. *See* 10 U.S.C. 1401(a).

██ Application of the Tucker Act's statute of limitations is slightly more complicated with respect to Huff's claim for disability retirement benefits. Unlike a claim for back pay, which accrues immediately upon the plaintiff's discharge, "claims of entitlement to disability retirement pay generally do not accrue until the appropriate military board either finally denies such a claim or refuses to hear it." *See Chambers v. United States*, 417 F.3d 1218 (Fed.Cir.2005)(*citing Real v. United States*, 906 F.2d 1557, 1560) (Fed.Cir.1990). When, however, a serviceman has actual or constructive notice of his disability prior to discharge, his failure to request a board hearing upon his discharge triggers the statute of limitations. *See Real*, 906 F.2d at 1562.

Even assuming that Huff lacked actual or constructive notice of his disability when he was discharged in mid–1970, his 1993 complaint states that he "presented his claims" earlier that year to the Army Board for Correction of Military Records (ABCMR), but they were denied "for lack of evidence." [8] Under the Federal Circuit's "first competent board rule," the Tucker Act's six-year statute of limitations was triggered upon the ABCMR's rejection of Huff's claim. *See Chambers*, 417 F.3d at 1225 (*citing Friedman v. United States*, 159 Ct.Cl. 1, 310 F.2d 381, 389)("[N]o cause of action arises (and the statute of limitations does not run) until a proper board has acted or declined to act.") Although Huff filed his 1993 complaint well within the Tucker Act's six-year limitations period, his complaint in the present action—filed 12 years later—is clearly time-barred. The Court therefore declines to transfer Huff's action for dis-

ability benefits to the Court of Federal Claims, and will instead dismiss for lack of jurisdiction.

B. *Huff's Claims Under the Administrative Procedure Act:*

██ To the extent that Huff seeks judicial review of his discharge, his complaint may be interpreted as alleging a cause of action under *28 U.S.C. § 1331* and the Administrative Procedure Act ("APA"), *5 U.S.C. § 551*, et seq. Section 702 of the APA constitutes a limited waiver of sovereign immunity, authorizing judicial review of final agency action in claims "seeking relief other than money damages." *5 U.S.C. § 702*. Pursuant to section 704 of the APA, however, the application of section 702 is limited to claims "for which there is no other adequate remedy in a court." *5 U.S.C. § 704*. *See also Mitchell v. United States*, 930 F.2d 893 (Fed.Cir.1991) (Holding section 702 inapplicable because former reserve officer would receive adequate review of his claim for reinstatement, back pay, and active duty credit in the Court of Federal Claims).

Although Huff's filings are far from clear, the gravamen of his complaint suggests that his wrongful discharge in 1970, combined with errors in his military records, has prevented him from obtaining disability pay and other military benefits. (Am.Compl., ¶ 1).[9] Stated another way, it appears that Huff seeks judicial review of his discharge primarily to fix the Army's liability for benefits. Accordingly, Huff's request is properly construed as monetary in nature and outside the ambit of section 702's limited waiver of sovereign immuni-

---

**8.** 4:93–cv–00876–DW (W.D.Mo. Sept. 21, 1993).

**9.** In his "Motion to Reinstate," Huff asserts that his wrongful discharge is "blocking his

disability pay associated with [his] original [enlistment] contract," and that "subsequently it has affected all of his military and VA administrative procedures and benefits." (Docket No. 19).

ty. Insofar as Huff seeks to proceed under 28 U.S.C. § 1331 and the APA, then, the Court is without jurisdiction to consider his claims.

 Furthermore, Huff's claim is manifestly not one "for which there is no adequate remedy in a court." *5 U.S.C. § 704.* The Court of Federal Claims is more than capable of providing all the relief that Huff requests. "The Claims Court has, in fact, ordered back pay, restoration to military office, placement in correct retirement status, and correction of military records." *Mitchell,* 930 F.2d at 896 (internal citations omitted). Accordingly, Huff's claim falls comfortably within section 704's limitation on the waiver of sovereign immunity set forth in section 702. If Huff is in fact seeking judicial review of his discharge, he is therefore precluded from bringing his claim under the APA.

### C. *Huff's Claims Under the Federal Tort Claims Act:*

 Huff's amended complaint states that he is bringing a cause of action for fraud. (Am.Compl.¶ ). Specifically, he alleges that, upon his discharge in 1970, he was told by the Army that he would have to wait 20 years before "filing for compensation." (Compl., ¶ 1).[10] Plaintiff also appears to claim that his military records were "tampered with" to reflect a "medical but honorable discharge." (Am. Compl.¶¶ 6–7). As both claims are grounded in the tort of misrepresentation, Plaintiff must look to the Federal Tort Claims Act (FTCA), *28 U.S.C. §§* 1346, 2671 et seq., for a waiver of sovereign immunity. The jurisdictional grant provided by the FTCA, however, does not extend to claims arising out of misrepresentation or deceit. *28 U.S.C. § 2680(h).* Accordingly, Plaintiff has failed to estab-

lish a jurisdictional basis for either of the claims set forth above.

In addition, even if Huff's claims *did* fall within the FTCA's limited waiver of sovereign immunity, they would be barred by the statute of limitations. Claims under the FTCA are subject to a two-year statute of limitations, *see 28 U.S.C. § 2401,* rather than the default six-year period generally applicable to suits against the United States. *28 U.S.C. § 2501.* Even assuming that Huff was unaware of the Army's allegedly tortious conduct until he "filed for compensation" in 1999 (Compl.¶ 3), he did not initiate the present action until April 2005, well after the two-year limitations period applicable to tort claims against the federal government.

### IV. Conclusion

Huff's complaint may plausibly be read to assert claims under the Tucker Act, the Administrative Procedure Act, and the Federal Tort Claims Act. As the discussion above makes clear, however, none of these provisions provide the court with jurisdiction over the present action. Accordingly, the Court will, by separate order, GRANT defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and DIRECT the Clerk to CLOSE the CASE.

It is so ORDERED.

### *ORDER*

For the reasons stated in the Memorandum of even date, the Court hereby:

(i) GRANTS Defendants' Motion to Dismiss;

---

10. In his "Motion to Reinstate," Plaintiff further contends that "my discharging officers verbally commanded me to wait 20 years after discharge to file for benefits, while my paperwork, years later, reflected yet another story." (Docket No. 19).

(ii) DIRECTS the Clerk to close the case.