**Barry W. WOLFE, Appellant,**

v.

**John O. MARSH, Jr., Secretary of the Army, et al.**

**No. 86–5703.**

United States Court of Appeals, District of Columbia Circuit.

May 13, 1988.

Donald G. Smith, Fairfax, Va., was on the motion for appellant.

Joseph E. diGenova, U.S. Atty., and R. Craig Lawrence and Bradley L. Kelly, Asst. U.S. Attys., Washington, D.C., were on appellee's response to motion for reconsideration, etc.

Before BUCKLEY and WILLIAMS, Circuit Judges, and AUBREY E. ROBINSON, Jr.,* Chief Judge, United States District Court for the District of Columbia.

Opinion PER CURIAM.

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

PER CURIAM:

After our decision on the merits in this case, 835 F.2d 354 (D.C.Cir.1987), appellant filed a Motion for Reconsideration and Transfer. For the reasons set forth below, we deny the motion.

Appellant rests his motion on a provision of the Federal Courts Improvement Act, 28 U.S.C. § 1295(a)(2) (1982), which states that the Federal Circuit has exclusive jurisdiction of appeals from final decisions of a district court "if the jurisdiction of that court was based, in whole or in part," on the Little Tucker Act, 28 U.S.C. § 1346(a)(2) (1982). 28 U.S.C. § 1295(a)(2). Wolfe claims that, because the district court purported to base its jurisdiction in part on the Little Tucker Act, we were without jurisdiction to hear his appeal.[1]

In *Vietnam Veterans of America v. Secretary of the Navy*, 843 F.2d 528 (D.C.Cir. 1988), we held that, where a plaintiff seeking an upgrade neither *seeks* nor is *granted* monetary relief, the mere fact that a government payment of money is an automatic concomitant of the requested relief does not support Little Tucker Act jurisdiction. *Vietnam Veterans*, at 533–535.

Upon reading Wolfe's complaint, it appears that this case fits comfortably within the confines of *Vietnam Veterans*. In his complaint, Wolfe asked only for "mandatory injunctive relief" declaring his dishonorable discharge unlawful and directing reinstatement and an upgrade, and "other further, alternate, or equitable relief" including costs and fees. Complaint at 1, 5–6. The complaint contained neither a claim for money damages nor a suggestion that the requested relief would entail such damages.

Subsequent memoranda contain hints that Wolfe may have intended to assert a claim for money damages, however. Because the record is unclear as to whether the district court (and the parties) were operating under the assumption that the collateral consequences of equitable relief implicate the Little Tucker Act, or whether Wolfe intended to assert a distinct claim for money damages, and the district court discerned such an intent, we take this opportunity to sharpen the rule laid down in *Vietnam Veterans*.

The spectre of money damages was raised for the first time by the *government* in a motion for summary judgment on the grounds that the district court lacked Little Tucker Act jurisdiction over the case. The government suggested that Wolfe's requested injunctive relief would require an award of over $10,000 in back pay, and thus that jurisdiction was proper only in the court of claims. Specifically, in its memorandum supporting its motion, the government noted that "[i]mplicit in his request ... is a request for the attendant back pay," which the government calculated to be in excess of $50,000. Government's Memorandum in Support of its Motion to Dismiss at 10 & n. 9.

The closest Wolfe came to putting forth a claim for money damages was in his Memorandum in Opposition to Defendant's Motion to Dismiss and in Support of Plaintiff's Cross–Motion for Summary Judgment ("Plaintiff's Memo"). In order to counter the government's argument that the collateral consequences of his requested relief would exceed $10,000, Wolfe calculated the back pay award which would accompany an upgrade at approximately $3,300, and waived any damages in excess of $10,000. Plaintiff's Memo at 6–7. The plaintiff then offered to file a specific waiver or to amend his complaint to show that he had waived back pay in excess of $10,-000. There is no indication in the record that he did in fact amend his complaint in any way or file a waiver. Moreover, as far as we can tell, Wolfe offered only to amend his complaint to *waive* any collateral money damages above $10,000, not to amend his complaint to add a specific *claim* for back pay.

1. The government's response to Wolfe's motion appears to concede the issue. *See* Appellee's Response to Appellant's Motion for Reconsideration and for Transfer at 1–2. Because this response was filed prior to our decision in *Vietnam Veterans of America v. Secretary of the Navy*, 843 F.2d 528 (D.C.Cir.1988), however, we are disinclined to accord it much weight.

Nevertheless, in its memorandum opinion denying the government's motion to dismiss, the district court, after holding that it had jurisdiction over plaintiff's equitable claims, relied on Wolfe's waiver of back pay in excess of $10,000 in holding that jurisdiction was proper under the Little Tucker Act. *Wolfe v. Marsh*, Civil No. 85–1073, slip op. at 3–4 (D.D.C. Dec. 26, 1985). To the extent the district court (and the parties) believed that the collateral consequences of the equitable remedy of reinstatement implicates the Little Tucker Act, *Vietnam Veterans* makes clear its error. Collateral consequences of equitable relief do not implicate the Little Tucker Act, and therefore the district court did *not* in fact have jurisdiction under the Little Tucker Act, as the plaintiff had never made a *claim* of money damages, only a *waiver* of collateral relief in excess of $10,000.

It is possible that the district court read the complaint as requesting monetary relief. If so, it was in error. The plain terms of the complaint demanded only equitable relief. An award of the equitable relief requested—upgrade and reinstatement— would not encompass monetary relief. *E.g., Ben–Shalom v. Secretary of the Army*, 807 F.2d 982, 984–88 (Fed.Cir.1986) (noting that the Seventh Circuit had vacated the district court's award of back pay entered in contempt proceedings initiated

because the Army had not complied with reinstatement order, rejecting the Army's argument that the complaint implicitly sought back pay and transferring the appeal to the Seventh Circuit). And this court has already held that a general request that the district court award costs and all other relief deemed just and proper is irrelevant to the Little Tucker Act jurisdiction inquiry. *Sharp v. Weinberger*, 798 F.2d 1521, 1524 (D.C.Cir.1986). Thus it is clear Wolfe's complaint, by its own terms, did not seek monetary relief.

Moreover, we cannot say that Wolfe's subsequent memoranda cured the pleading defect. As it related to a complaint which did not request monetary relief, Wolfe's "waiver" is ambiguous at best; there was no monetary claim to waive. His offer to amend his complaint "to reflect the evidence of record," Plaintiff's Memo at 7, is likewise ambiguous, especially at the pretrial motion stage of the proceedings. Conspicuously absent, in his specific offer to amend and in both memoranda submitted by plaintiff requesting summary judgment, is a request that the district court award him back pay.[2]

A claim for reinstatement is not a claim for monetary damages; and if a plaintiff seeks a court award of monetary damages in addition to reinstatement, he must say so in his complaint.[3] The district court should

---

**2.** Parenthetically, we note that it is an extremely rare plaintiff who has trouble asking for money, if that is what he wants. This is especially true for plaintiffs represented by counsel, as was Wolfe.

**3.** There is no reason to read a complaint seeking solely equitable relief as also seeking monetary relief, even if the record reveals that the plaintiff expects that by obtaining equitable relief he will be entitled to receive back pay, which may or may not be the case. *See Vietnam Veterans,* at 535; *Ben–Shalom,* 807 F.2d at 984. In this area, a plaintiff's interest in equitable relief may far exceed his interest in a back pay award, whether it be collateral to his injunctive relief or as a direct monetary judgment of the court. In fact, the record in this case indicates that this is such a case. Wolfe's back pay claim was relatively small, and his apparent aim throughout has been to upgrade his discharge so that he could reenlist. Indeed, during administrative proceedings before the Army Discharge Review Board ("ADRB"), his counsel specifically disavowed any interest in a monetary award, ac-

cording to the ADRB Case Report: "Counsel pointed out that the applicant desires to return to the Army. *Money is not a factor."* ADRB Case Report and Directive at 9, *reprinted in* Exhibit I to Defendant's Motion to Dismiss at 14 (emphasis added). Throughout Wolfe's expressed desire has been to upgrade his discharge; indeed, according to the administrative record, Wolfe's only real complaint was that he thought he would get an honorable discharge, either originally or as a matter of routine upon request to have it upgraded. *E.g.,* Application for Review of Discharge or Dismissal From the Armed Forces of the United States at 1, *reprinted in* Exhibit I to Defendant's Motion to Dismiss at 21; *see also Wolfe v. Marsh,* Civil No. 85–1073, slip op. at 12 (D.D.C. Dec. 26, 1985). We do not, of course, intimate that these representations should be construed as a waiver of any back pay claim Wolfe may have had. But as Wolfe's focus throughout has been on his equitable claims, it makes clear that Wolfe's "waiver" of an unstated monetary claim was inadequate to invoke Little Tucker Act jurisdiction.

not assume Little Tucker Act jurisdiction over implicit claims, *cf. Ben–Shalom,* 807 F.2d at 987 (rejecting the Army's argument that the Federal Circuit had jurisdiction because a claim for reinstatement implicitly seeks back pay), but only over explicit claims for monetary relief. This bright line rule is especially appropriate in the area of Little Tucker Act jurisdiction, as the basis of the district court's jurisdiction also controls the jurisdiction of the appellate court.

Therefore, even if Wolfe intended his waiver to be an affirmation of a distinct claim for monetary relief, we reject it as a valid basis upon which the district court may have assumed jurisdiction. Given the need for certainty as to jurisdiction, we cannot allow plaintiff's subjective intent, ambiguously expressed, to control the issue. There is no reason why trial courts (or appellate courts) should have to resort to close scrutiny of ambiguous memoranda to glean an intent to set forth a monetary claim. In a matter as basic as whether the plaintiff is asking the trial court to award monetary relief, the trial court must be able to answer that question from the plain terms of the complaint. Therefore, we hold that to invoke the Little Tucker Act the plaintiff must demand monetary relief in his complaint or in an amended complaint.[4]

As neither the collateral consequences of the prayed for relief nor Wolfe's "waiver" in his memoranda provided a valid basis for invocation of jurisdiction under the Little Tucker Act, Wolfe's motion must be denied. This court has twice held that a district court's "subjective" reliance on Little Tucker Act jurisdiction—*i.e.* invocation of Little Tucker Act without a valid basis—does not require that an appeal proceed to the Federal Circuit. *Sharp v. Weinberger,* 798 F.2d 1521, 1522 (D.C.Cir.1986); *Van Drasek v. Lehman,* 762 F.2d 1065, 1068, 1071 (D.C.Cir.1985). Therefore the district court did not have proper Little Tucker Act jurisdiction over the case, and hence this court properly heard the appeal. Appellant's motion is accordingly denied.

*It is so Ordered.*

4. At first blush, the strict pleading rule enunciated herein appears inconsistent with the rule that, even if the complaint omits essential jurisdictional averments, the court of appeals (or the Supreme Court) will deem the complaint amended so as to sustain the district court's jurisdiction if the necessary, but omitted, averments affirmatively appear in the record. *See Schlesinger v. Councilman,* 420 U.S. 738, 744 n. 9, 95 S.Ct. 1300, 1306 n. 9, 43 L.Ed.2d 591 (1975); *Norton v. Larney,* 266 U.S. 511, 515–16, 45 S.Ct. 145, 147, 69 L.Ed. 413 (1925); *see generally* 28 U.S.C. § 1653 (allowing amendments of defective allegations as to jurisdiction at appellate court level). It must be remembered, however, that this is an exception to the rule that a complaint that does not properly allege the requisite jurisdictional elements is defective, subject to dismissal with leave to amend. *See Schlesinger,* 420 U.S. at 744 n. 9, 95 S.Ct. at 1306 n. 9; *Norton,* 266 U.S. at 515–16, 45 S.Ct. at 147. The exception is permitted on grounds of judicial economy and to insure that a plaintiff is not denied his day in court on the basis of technical flaws in his pleading. Neither rationale is applicable here.

The judicial economy rationale excuses the absence of a necessary jurisdictional averment because otherwise the lower court proceedings would be for naught; the exception validates the lower court's judgment so that it may be given effect and properly be heard on appeal. Without the exception there would be, in a technical sense, no proper lower court judgment to review. The district court's judgment here needs no such validation. As the district court did not award monetary relief, its judgment is fully supportable by its assertion of jurisdiction over the equitable claims, the only claims made in the pleadings.

Moreover, Wolfe has received a full hearing on his underlying claim—that the discharge was illegal and that the Army Board for Correction of Military Records failed to discharge its mandate to "correct an error or remove an injustice," 10 U.S.C. § 1552(a) (1982), when it refused to upgrade the discharge—in both the district court and in this court. Obviously, consideration of this substantive claim need not, and in this case did not, encompass consideration of a distinct claim for monetary damages.

Thus, requiring a plaintiff to demand monetary relief in his complaint to invoke Little Tucker Act jurisdiction will not in any way prejudice a plaintiff. But it will have the benefit of allowing this court to determine easily and definitively whether it has jurisdiction.