48 F.3d 562
 310 U.S.App.D.C. 386
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Scott A. OSTROW, et al., Appellants,
v.
SECRETARY of the AIR FORCE, Appellee.
 No. 93-5280.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 16, 1995.
 
 Before: WALD, SILBERMAN and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal of the plaintiffs from the judgment of the District Court, and it was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(c). Appellants challenge the District Court's dismissal with prejudice of their case. For the reasons stated in the accompanying Memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED, by the Court, that in No. 93-5280, the judgment of the District Court is affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely-filed petition for rehearing. See D.C.Cir.Rule 41(a).
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellants Scott A. Ostrow, Donald E. Reckart, and Samuel L. Hendricks were captains in the Air Force Reserve serving on active duty when they were selected for discharge from active duty by the Air Force's Reduction-in-Force ("RIF") Board. On December 17, 1992, they brought this case against the Secretary of the Air Force ("Secretary" or "Air Force") in district court, challenging the RIF procedure under the Administrative Procedure Act ("APA"). The district court granted the Air Force's motion to dismiss, or, in the alternative, for summary judgment, "for essentially the reasons advanced by defendant," and dismissed the case with prejudice. Ostrow v. Secretary of the Air Force, No. 93-2835 (D.D.C. Aug. 10, 1993) (order granting motion to dismiss).
 
 
 5
 On appeal, the Air Force raises several objections to both our jurisdiction and the jurisdiction of the district court, none of which has merit. In their complaint, appellants asserted jurisdiction under the APA, which waives sovereign immunity for an action "seeking relief other than money damages," 5 U.S.C. Sec. 702, and provides for judicial review of any "final agency action for which there is no other adequate remedy in a court," 5 U.S.C. Sec. 704. The Secretary argues that APA-based jurisdiction is not available here for several reasons.
 
 
 6
 First, the Secretary argues that appellants' claim includes a claim for monetary damages and therefore must be brought under the Little Tucker Act, 28 U.S.C. Sec. 1346(a)(2), in which case exclusive jurisdiction for appellate review lies in the Federal Circuit. See 28 U.S.C. Sec. 1295(a)(2). We disagree, however, that appellants have raised a claim for monetary damages. The Secretary points to appellants' statement in their amended complaint that, "In the event Plaintiffs' [sic] are reinstated into the Air Force, they waive recovery of back pay exceeding $10,000," and argues that this statement asserts, by implication, a claim for back pay under $10,000. In Wolfe v. Marsh, 846 F.2d 782 (D.C.Cir.), cert. denied, 488 U.S. 942 (1988), however, we declined to infer a claim from a waiver, concluding that a waiver of a right to back pay is "ambiguous at best" where there is "no monetary claim to waive." 846 F.2d at 784. As in Wolfe, we do not construe the waiver of certain monetary damages in this case to raise, by implication, a claim for other monetary damages.
 
 
 7
 Second, the Secretary points out that the APA's waiver of sovereign immunity only extends to those cases for which there is "no other adequate remedy in a court," 5 U.S.C. Sec. 704, and argues that, whether or not appellants meant to assert jurisdiction under the Little Tucker Act, appellants were required to assert such jurisdiction because it constitutes an adequate alternative remedy. As discussed above, however, appellants did not seek monetary relief, a prerequisite for Little Tucker Act jurisdiction. Nor is it clear that they could have obtained Little Tucker Act jurisdiction for a back pay claim even if they had chosen to seek such relief. See United States v. Fausto, 484 U.S. 439, 454 (1988) ("[T]he Claims Court (and any other court relying on Tucker Act jurisdiction) is not an 'appropriate authority' [under the Back Pay Act] to review an agency's personnel determination."); see also Bell v. U.S., 23 Cl.Ct. 73, 76 (1991) ("Before suit can be brought in the Claims Court under the Back Pay Act, an 'appropriate authority' must find that the employee was affected by an unjustified or unwarranted personnel action resulting in the withdrawal or reduction in pay. Such an authority may include the agency [itself] or the MSPB but may not include the Claims Court.") (citation omitted). We cannot, therefore, conclude that Little Tucker Act jurisdiction constituted an adequate remedy in court so as to preclude jurisdiction under the APA.
 
 
 8
 Third, the Secretary argues that APA review is precluded by appellants' failure to exhaust administrative remedies, i.e., to bring their claim before the Board of Corrections. The Secretary recognizes that, under Darby v. Cisneros, --- U.S. ----, 113 S.Ct. 2539, 2548 (1993), exhaustion of administrative remedies "is a prerequisite to judicial review only when expressly required by statute or when an agency rule requires appeals before review and the administrative action is made inoperative pending that review." The Secretary identifies no express statutory requirement of exhaustion, but argues that the statute governing the Board of Corrections should be read to include such a requirement. See 10 U.S.C. Sec. 1552. As neither we nor the Secretary find an "express" requirement of exhaustion in this statute, however, this court cannot impose one.
 
 
 9
 Having determined that this case is properly reviewed under the APA, we conclude on the merits that appellants have raised no justiciable issues. Acknowledging the broad deference we grant to military decisions regarding the allocation of personnel, Kreis v. Secretary of the Air Force, 866 F.2d 1508 (D.C.Cir.1989), appellants argue that their "claim is justiciable on the narrow question whether the RIF board decision making process complied with the various procedures and standards the Air Force bound itself to follow." Appellants' Brief at 33. As appellants have not identified any statute, regulation, or other directive that was violated, however, we have no basis to conduct a review.
 
 
 10
 With certain exceptions not relevant here, Congress has empowered the Secretary "at any time [to] release a Reserve under his jurisdiction from active duty." 10 U.S.C. Sec. 681. The Air Force's regulations governing reserve officers preserve this broad discretion, providing that when strength adjustments are required, headquarters "issues instructions governing the criteria and procedures to be used in effecting the reduction in strength. If the release of Reserve officer is required in connection with such a program, they will be released under this paragraph." AF Regulation 36-12, paragraph 3-24.
 
 
 11
 In accordance with AF regulation 36-12, the Secretary issued the "instructions governing the criteria and procedures to be used in effecting" the RIF under which appellants were separated from the Air Force. Our examination of these instructions unearths no binding procedures that were violated. Appellants point to a letter that was sent to officers eligible for separation that states, "The RIF Board will be conducted under the same general procedures established for Officer Promotion Boards," Sample Letter to Eligible Officer, reprinted in 2 Appendix at 53, and argue that in issuing such a letter, the Air Force bound itself to follow the promotion selection regulations in implementing its RIF. Following its general statement averring to the "same general procedures," however, the letter on which appellants rely goes on to describe the particular considerations that will guide the RIF, some of which are in conflict with the promotion board's procedures. Thus, even if this letter were not a classic non-binding policy statement, see Vietnam Veterans v. Secretary of the Navy, 843 F.2d 528, 537 (D.C.Cir.1988), it is impossible to read its reference to the "same general procedures established for Promotion Boards" as reflecting an intent to adopt the precise procedures of the promotion board.
 
 
 12
 Because appellants have identified no statute, rule, or directive that the Secretary violated in implementing the RIF, appellants have raised no justiciable issue, and the case was properly dismissed.
 
 
 13
 Affirmed.