Theodore A. **BLISS,** Plaintiff,

v.

Gordon R. **ENGLAND,** Secretary of the Navy, Defendant.

No. CIV.A.01–1916 (RMU).

United States District Court, District of Columbia.

June 20, 2002.

David P. Sheldon, Esq., Law Offices of David P. Sheldon, Washington, DC, for Plaintiff.

Vincent H. Cohen, Jr., Esq., Assistant United States Attorney, Washington, DC, for Defendant.

### MEMORANDUM OPINION

GRANTING THE DEFENDANT'S
MOTION TO DISMISS

URBINA, District Judge.

## I. INTRODUCTION

This matter comes before the court on the defendant's motion to dismiss. Theodore A. Bliss ("the plaintiff" or "Mr. Bliss") brings suit against his employer, the United States Navy ("the defendant"), under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and 10 U.S.C. § 1372(3), claiming that the Board for Correction of Naval Records ("BCNR") decided his retirement rank in an unlawful manner. The plaintiff asks for declaratory relief, or, in the alternative, injunctive relief, as well as monetary damages. The defendant contends that the plain effect of this suit is to obtain monetary relief in an amount exceeding $10,000 and, as such, the

**4**

Tucker Act dictates the jurisdictional requirements of this suit, vesting subject-matter jurisdiction exclusively in the Court of Federal Claims. 28 U.S.C. §§ 1346(a)(2), 1491. Unless the plaintiff waives any monetary damages greater than $10,000, the court agrees with the defendant's contention and grants the defendant's motion to dismiss.

## II. BACKGROUND

Captain Theodore Bliss, U.S.M.C. (ret.), received a commission in the United States Marine Corps in 1978 and served on active duty until his release on November 2, 1992.[1] Compl. ¶¶ 4, 6. On November 4, 1992, he accepted a commission in the United States Marine Corps Reserve ("USMCR"). *Id.* ¶ 6. On December 1, 1993, the USMCR promoted Mr. Bliss to the rank of major. *Id.* ¶¶ 7, 8. Subsequently, on June 27, 1994, he suffered a seizure, which led to the discovery of a brain tumor. *Id.* ¶¶ 9, 10. Mr. Bliss underwent brain surgery in July 1994. *Id.* ¶¶ 10, 11.

Once it was conclusively established that Mr. Bliss's brain tumor had existed before his release from active duty in 1992, the BCNR placed Mr. Bliss on the Temporary Disability Retired List ("TDRL"), effective November 2, 1992. Compl. ¶ 17. The Navy subsequently placed Mr. Bliss on the Permanent Disability Retired List. *Id.* ¶ 18. In response to Mr. Bliss's June 16, 1996 request to have his retirement rank changed to major, the Navy advised him that it considered his retirement rank to be captain. *Id.* ¶ 19. On January 7, 1997, the BCNR again denied the plaintiff's request to modify his record to reflect his retirement rank as a major. *Id.* ¶ 22. On July 29, 1999, the BCNR denied his renewed request, informing him that reconsideration of his request would not be appropriate

because "the decision would inevitably be the same." *Id.* ¶ 23.

On September 12, 2001, the plaintiff filed suit in this court. In his original complaint, Mr. Bliss asserted that the court had jurisdiction over this case because it presented a federal question pursuant to 28 U.S.C. § 1331. *Id.* ¶ 1. Mr. Bliss alleged that the court had jurisdiction pursuant to 10 U.S.C. § 1372(3), which provided that the Secretaries of the military departments must promote an officer (if so entitled) on the TDRL pursuant to 10 U.S.C. § 1201 *et seq. Id.*

In response, the defendant moved to dismiss the original complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Mot. to Dismiss at 1. The defendant argued that the U.S. government is immune to suit except in cases where the government explicitly waives immunity, and that by naming as the defendant the Secretary of the Navy and by suing him in his official capacity, the plaintiff is essentially suing the sovereign. *Id.* at 3, 4. As the defendant stated, 28 U.S.C. § 1331 is "only a general jurisdictional statute and such a statute does not provide a general waiver of sovereign immunity." *Id.* at 5. In addition, the defendant explained that neither 10 U.S.C. § 1372(3) nor 28 U.S.C. § 2201 provide a waiver of sovereign immunity and thus that this court lacks subject-matter jurisdiction to hear the case. *Id.* at 6, 7.

Because the suit was essentially about monetary relief, the Navy maintained, the requirements of the Tucker Act controlled the case. *Id.* at 8. The defendant argued that because the amount in controversy was well in excess of $10,000, the Court of Federal Claims had exclusive jurisdiction to hear the case. *Id.* at 9 (citing 28 U.S.C. §§ 1346(a)(2), 1491).

---

1. The Marine Corps is a subsection of the Navy. 10 U.S.C. § 5061.

On February 15, 2002, the plaintiff filed an amended complaint, claiming the court had jurisdiction under the APA, 5 U.S.C. § 701 *et seq.*, which permits a federal court to review and reverse a BCNR decision that is arbitrary, capricious, unsupported by evidence or otherwise contrary to law. Am. Compl. ¶ 1. The plaintiff asserts that his amended complaint renders the defendant's first motion to dismiss moot because an action brought under the APA triggers a waiver of sovereign immunity, permitting the court to hear the case. Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 3. Mr. Bliss also disputes that the Tucker Act is controlling in the case. He insists that he is not seeking monetary relief, but instead seeks to correct his record by having it reflect his proper rank of major. This revision, he pleads, would render value beyond mere monetary remuneration. Pl.'s Opp'n at 3.

On March 13, 2002, the defendant filed a renewed motion to dismiss, arguing that even though on its face the complaint seeks equitable relief, it actually constitutes a plea for monetary relief, that the rank of major does not have intrinsic value apart from the accompanying financial gain, and that the plaintiff is attempting to avoid the Tucker Act by "artful pleading." Def's Opp'n to Pl.'s Am. Compl. and Renewed Mot. to Dismiss ("Renewed Mot. to Dismiss") at 5. The defendant renewed his motion to dismiss, claiming that because the Tucker Act controls, this court still does not have subject-matter jurisdiction. Renewed Mot. to Dismiss at 5. The court now turns to the defendant's renewed motion to dismiss.

## III. ANALYSIS

### A. Legal Standard for Motion to Dismiss

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. *District of Columbia Retirement Bd. v. United States,* 657 F.Supp. 428, 431 (D.D.C.1987). In evaluating whether subject-matter jurisdiction exists, the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overturned on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *E.g., Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990).

Moreover, the court need not limit itself to the allegations of the complaint. *Hohri v. United States,* 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds by* 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Rather, the court may consider such materials outside the pleadings as it deems appropriate to determine whether it has jurisdiction in the case. *Herbert v. National Acad. of Sciences,* 974 F.2d 192, 197 (D.C.Cir.1992).

### B. The Court Grants the Defendant's Motion to Dismiss for Lack of Subject–Matter Jurisdiction

The plaintiff's original complaint did not provide a proper basis for the court to entertain the suit because it failed to cite to a statute explicitly waiving sovereign immunity. In the amended complaint, the plaintiff cites to the APA as providing a waiver of sovereign immunity, which allows the district court to review decisions of federal administrative agencies. Am. Compl. ¶ 1 (citing 5 U.S.C. § 701 *et seq.*). The defendant counters by stating that the Tucker Act controls the suit and that this

statute vests jurisdiction exclusively in the Court of Federal Claims for cases involving more than $10,000, and vests concurrent jurisdiction in the federal district court and the Court of Federal Claims in cases involving $10,000 or less. Mot. to Dismiss at 9 (citing 28 U.S.C. §§ 1346(a)(2), 1491). For the reasons that follow, the court agrees with the defendant and grants the defendant's renewed motion to dismiss.

## 1. The Administrative Procedure Act

In his amended complaint, the plaintiff claims that this court has jurisdiction to hear his case pursuant to the APA. Am. Compl. ¶ 1. The plaintiff contends that the BCNR's decision is contrary to law. Section 702 of the APA provides for judicial review of government agency decisions as follows:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States . . . .

5 U.S.C. § 702.

The APA also provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In this case, the defendant disputes that this lawsuit involves a challenge to an administrative action and insists that because the action revolves around a claim for money damages, it falls within the exclusive jurisdiction of the Court of Federal Claims. Renewed Mot. to Dismiss at 5.

## 2. The Tucker Act

The Tucker Act vests exclusive jurisdiction in the Court of Federal Claims in cases involving more than $10,000 and vests concurrent jurisdiction in the federal district courts and the Court of Federal Claims in cases involving $10,000 or less. 28 U.S.C. §§ 1346(A)(2), 1491. The Tucker Act gives the Court of Federal Claims jurisdiction with regard to monetary claims against the United States "founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491; *see also Kidwell v. Dep't of the Army,* 56 F.3d 279, 283 (D.C.Cir.1995).

A plaintiff cannot use artful pleading, i.e., framing a complaint so that it asks for equitable relief, rather than monetary damages, to avoid the exclusive jurisdiction of the Court of Federal Claims. *Chula Vista City Sch. Dist. v. Bennett,* 824 F.2d 1573, 1579 (Fed.Cir. 1987); *Motorola, Inc. v. Perry,* 917 F.Supp. 43, 46 (D.D.C.1996). To decide whether a plaintiff is attempting to sidestep Tucker Act jurisdiction, the court must look to the substance rather than the form of the complaint. *Brazos Elec. Power Coop. v. United States,* 144 F.3d 784, 787 (Fed.Cir.1998). If a court determines that the plain effect of a favorable judgment would be financial gain for the plaintiff, then the Tucker Act controls. *Id.* at 786. But the potential for monetary relief does not necessarily create exclusive jurisdiction in the Court of Federal Claims. *Hahn v. United States,* 757 F.2d 581, 589 (3d Cir.1985). The Supreme Court has explained that courts may award incidental monetary relief without invading the jurisdiction of the Court of Federal Claims. *Bowen v. Mass.,* 487 U.S. 879, 900–01, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988); *see also Wilhelm v. Caldera,* 90 F.Supp.2d 3, 6 (D.D.C.2000).

Lastly, one option for a plaintiff whose claim may be worth more than

$10,000 but who wishes to bring a case in district court is to voluntarily waive the right to recover more than $10,000. *Stone v. United States*, 683 F.2d 449, 451 (D.C.Cir.1982). The plaintiff should submit the waiver in her initial pleadings, although the court may make an exception if questions about the jurisdictional amount arise subsequently. *Stone*, 683 F.2d at 454 n. 8.

### 3. The Tucker Act Applies to the Plaintiff's Case

█ By the defendant's calculation, the requested change in the plaintiff's retirement rank would require the disbursement of far more than $10,000 from the Navy. Renewed Mot. to Dismiss at 5. While the complaint seeks equitable relief, the plaintiff implicates the Tucker Act by including a claim for monetary damages. *Kidwell*, 56 F.3d at 285.

The D.C. Circuit has set forth a bright-line rule to assist district courts in determining whether they or the Court of Federal Claims have subject-matter jurisdiction in cases involving monetary claims. *Kidwell*, 56 F.3d at 283. The rule "consider[s] cases to be based on the Tucker Act's waiver of sovereign immunity only if the plaintiff seeks money or the district court grants it." *Id.* at 285. In *Kidwell*, the Court of Appeals concluded that the plaintiff did not explicitly request monetary relief. *Id.* at 285. The D.C. Circuit explained that a mere "suggestion" of money does not rise to the level of a claim for monetary relief. *Id.* at 286.

In contrast, this plaintiff explicitly requests monetary relief. Am. Compl. ¶ 30. The plaintiff challenges the "denial of [his] retirement pay due to him as a result of his honorable services as a major . . . ." *Id.* Because his complaint specifically mentions monetary relief, the plaintiff in this case is subject to the Tucker Act. *Kidwell*, 56 F.3d at 284–86. "Absent other grounds for district court jurisdiction, a claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government." *Id.* at 284. The court determines that the plaintiff's complaint explicitly or, at minimum, "in essence," seeks more than $10,000 in monetary relief. *Id.* Thus, this court does not have subject-matter jurisdiction to hear this case because it falls within the exclusive jurisdiction of the Court of Federal Claims. 28 U.S.C. §§ 1346(a)(2), 1491.

█ One final point merits attention. In determining whether a claim falls under the provisions of the Tucker Act, courts must also consider whether the equitable relief requested has value independent of its financial aspect. *Kidwell*, 56 F.3d at 286. In *Kidwell*, the D.C. Circuit concluded that the plaintiff's requested relief—the alteration of his discharge record—had value beyond money. *Id.* The D.C. Circuit reasoned that Kidwell's desire to erase the stigma attached to any "less than honorable" military discharge was a valid reason for suit beyond any financial motivation. *Id.*

The case at bar presents a much closer question. Following the D.C. Circuit's line of reasoning, the court determines that the plain effect of this suit is monetary relief because if the plaintiff were successful, the government would need to pay the plaintiff far more than $10,000 to compensate the plaintiff for the difference in retirement pay at the rank of major rather than at the rank of captain. But the plaintiff waxes eloquently about how the value of one's rank in the military has "a value above and beyond mere remuneration." Pl.'s Opp'n at 4.[2] Accordingly, the court allows the

---

**2.** While a higher rank may carry with it more

prestige, the plaintiff would have difficulty

plaintiff to determine the course of his lawsuit and to demonstrate whether his complaint is really about money or about rank. In short, the court grants the plaintiff 30 days to amend his complaint and to explicitly waive any monetary damages exceeding $10,000. By doing so, the plaintiff would avoid the Tucker Act's jurisdictional provisions and would thereby allow this court to have subject-matter jurisdiction. 28 U.S.C. §§ 1346(A)(2), 1491. "Such waivers are now well established in the Tucker Act case law." *Stone,* 683 F.2d at 451.

## IV. CONCLUSION

For all these reasons, the court grants the defendant's motion to dismiss. If, however, the plaintiff files a second amended complaint that waives the recovery of any monetary damages greater than $10,000 within 30 days from the date of issuance of this Memorandum Opinion, then the court will deny the defendant's motion to dismiss and the court will retain subject-matter jurisdiction. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this _____ day of June, 2002.

### *ORDER*

#### GRANTING THE DEFENDANT'S MOTION TO DISMISS

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this _____ day of June, 2002, it is hereby

**ORDERED** that the defendant's motion to dismiss is **GRANTED;** and it is

**FURTHER ORDERED** that if the plaintiff files a second amended complaint that waives the recovery of any monetary damages greater than $10,000 within 30

arguing that the difference in prestige is tantamount to the stigma caused by a less than

days from the issuance of this Memorandum Opinion and order, then the court will **DENY** the defendant's motion to dismiss.

**SO ORDERED.**

honorable discharge. *See Kidwell,* 56 F.3d at 286.